## Case No. 13,244.

### SPOFFORD v. RITTEN.

[4 McLean, 253.] [1]

Circuit Court, D. Michigan. June Term, 1847.

PLEADING AT LAW—AMENDMENT—SERVICE OF COPY.

1. A very slight amendment of the declaration, which in no respect can affect the merits of the case, does not require a copy of the declaration to be served under the rule.

---

[1] [Reprinted from 13 N. B. R. 214, by permission.]

[1] [Reported by Hon. John McLean, Circuit Justice.]

2. The plea filed by the defendant, required the amendment.

3. There is no irregularity in the judgment, which can authorize the court to set it aside.

In equity.

Mr. Emmons. for plaintiff.

Mr. Goodwin, for defendant.

McLEAN, Circuit Justice. This is a motion to set aside a judgment, on the ground that the suit had been commenced by declaration, which was served on defendant, who pleaded that he was an alien, though alleged in the declaration to be a citizen of Michigan. Leave was given to amend the declaration, alleging that the defendant was an alien. On this amendment being made, a judgment by default was entered. And now a motion was made to set aside the judgment by default, for irregularity. 1 Chit. Pl. 253, 1 Doug. (Mich.) 434.

It is contended that a new cause of action can not be introduced by the plaintiff, in his declaration, under leave to amend it, which shall affect the rights of the defendant by avoiding the statute of limitations. But the above amendment was not of that character. It was a mere description of the person, which in no respect affected the rights of either party. He, being an alien, was as liable to the process of the court, and the claim of the plaintiff, as if he were a citizen. So that there could be no objection to the amendment, arising out of the lapse of time, or on any other ground. The amendment could not have taken the party by surprise, as it became necessary from the interposition of his plea.

There is no objection that no rule for plea was entered after the declaration was amended. But the objection is, that the counsel for the defendant, being in court, cognizant of the plea of the defendant, the leave to amend, and rule for plea, had not a copy of the amended declaration served upon him. The rule in terms requires this to be done in general language; but the court must see that a rule designed to protect the rights of the defendant, shall not be made to operate unjustly against the plaintiff. There could be no necessity for a copy of the declaration to be served on the counsel in this case. The amendment was slight, and not at all affecting any defense which the defendant could set up on the merits.

The motion is overruled.